**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

In re:  Bankruptcy Case No.: 25−22867−JAD
        Chapter: 13

**James A. Podobnik Jr.**
**Chantel L. Podobnik**
  Debtor(s)

### Chapter 13 Initial Case Management Order

AND NOW, The 27th of October, 2025, the Court hereby ORDERS, ADJUDGES and DECREES as follows:

1. <u>Duty to Make Payments.</u> Unless the Court orders otherwise, Debtor(s) are directed to commence making payments to the Chapter 13 Trustee to fund the proposed Chapter 13 Plan. Such payments shall commence within thirty (30) days after the commencement of the Chapter 13 case. The requirement to make plan payments is a continuous obligation and applies to any modification to any Chapter 13 Plan, regardless of whether any modifications are sought by the Debtor(s) and/or required by the Court.

2. <u>Duty to Take Steps to Pursue and Obtain Proposed Non−Wage (or Non−Earnings) Funding Without Delay.</u> To the extent the Debtor(s) Chapter 13 Plan proposes or contemplates funding or partial funding from non−wage or non−earnings sources, including but not limited to the sale of property, a reverse mortgage, or other alternative sources of funding or debt relief (collectively, the "Supplemental Funding"), the Debtor(s) are required to immediately pursue the Supplemental Funding and file the requisite motions and other documents with the Court with respect to the same. Specifically, to the extent the Debtor(s) are pursuing the sale of property, and absent further Order of the Court, the Debtor(s) shall within thirty (30) days hereof, file the requisite application to retain a broker; and within one−hundred and eighty (180) days hereof the Debtor(s) shall file the requisite sale motion. To the extent the Supplemental Funding does not derive from a sale of assets, and absent further Order of the Court, the Debtor(s) shall file with the Court within one hundred and eighty (180) days hereof all motions required for approval of the Supplemental Funding or a verified statement under penalty of perjury as to why such motion has not been filed or is not necessary.

3. <u>Duty to Cooperate, File Schedules, Statements, and Other Documents.</u> The Debtor(s) shall cooperate with the Chapter 13 Trustee to the fullest extent required by law as provided by 11 U.S.C. §521. This includes filing all documents and disclosures as may be required by orders of this Court, the United States Bankruptcy Code, 11 U.S.C. §101 et seq., the Federal Rules of Bankruptcy Procedure, and the Local Rules of the United States Bankruptcy Court for the Western District of Pennsylvania. Debtor(s) shall provide Trustee with all documents and information reasonably requested as may be necessary to identify, verify, or otherwise investigate the Debtor(s) assets, liabilities, income, expenses, and financial affairs.

   Debtor(s) are further reminded of their obligation to: (a) report by way of amended schedules all material changes in income or expenses that would demonstrate an increase or decrease in disposable income; (b) report by way of amended schedules all material assets acquired post−petition including causes of action, insurance proceeds, interests in probate estates or trusts, etc.; (c) obtain immediate Bankruptcy Court approval of any professionals employed prepetition and who continue to be employed, and/or prior approval of professionals to be employed after the case is filed; and (d) obtain prior Bankruptcy Court approval before selling or otherwise transferring any estate assets.

4. <u>Wage Attachment.</u> Unless the Court orders otherwise, and to the extent the Debtor(s) plan is funded from the payment of wages, the Debtor(s) shall immediately file a wage attachment motion in order to fund the proposed Chapter 13 Plan. Alternatively, Debtor(s) may sign up for and commence payments under the Trustee's TFS online payment program (see http://www.ch13pitt.com/forms/). Until a wage attachment is fully implemented by the Debtor(s) and the relevant employer(s), it shall be the responsibility of the Debtor(s) to remit plan payments to the Chapter 13 Trustee. To the extent any Chapter 13 Plan is modified, and unless the Court orders otherwise, the Debtor(s) shall promptly seek modification of the

wage attachment to ensure that any modified Chapter 13 Plan is fully funded.

5. <u>Certain Pre-Confirmation Distributions by the Chapter 13 Trustee.</u> If the Chapter 13 Plan includes a requirement that provides for the Trustee to make pre-confirmation distributions to creditors under 11 U.S.C. § 1326(a)(1)(B) or (C), the Chapter 13 Trustee is authorized to make such distributions from available funds in accordance with the most current Chapter 13 plan on file without further Order of Court. Any such distributions may commence as soon as practicable, but no earlier than the Chapter 13 Trustee's distribution date that is after the 1st of the month following the entry of this Chapter 13 Initial Case Management Order. If the plan is modified to alter or eliminate the distribution under § 1326(a)(1)(B) or (C) to any such creditor(s), then the Chapter 13 Trustee's authorization is limited accordingly. Similarly, if the creditor or creditors designated to receive such distributions receive relief from the automatic stay, such distributions shall cease. Notwithstanding such authorization, Trustee may require that parties agree to the entry of an Interim Adequate Protection or Interim Confirmation Order as a precondition for the commencement of payments.

6. <u>Interim Adequate Protection to Other Creditors.</u> To the extent the Debtor(s), Chapter 13 Trustee, or any other party in interest desire pre-confirmation distributions as adequate protection, other than the kind provided for in paragraph 4 above, such parties are directed to submit a stipulated consent order and/or make separate application to the Court for authorization for the Chapter 13 Trustee to make adequate protection distributions from plan funding. A form *Stipulated Order Providing For Pre-Confirmation Adequate Protection* is available on Judge Deller's "Forms" webpage and can be directly accessed at: https://www.pawb.uscourts.gov/sites/default/files/forms/jad-form-021.pdf. Alternatively, Trustee retains the option to request entry of an interim confirmation order, in lieu of a separate interim adequate protection order, for purposes of adequate protection payments.

7. <u>Chapter 13 Trustee's Percentage Fees.</u> The Chapter 13 Trustee remains authorized to collect, and be paid, percentage fees pursuant to 28 U.S.C. § 586 with respect to any funds received by the Chapter 13 Trustee.

8. <u>Business Questionnaire and Financial Reporting.</u> To the extent the Debtor(s) are self-employed, the Debtor(s) shall provide the Chapter 13 Trustee with a completed and accurate business case questionnaire along with complete and accurate financial reporting, as required or requested by the Chapter 13 Trustee.

9. <u>Tax Returns.</u> Unless the Court orders otherwise, the Debtor(s) shall file with the appropriate taxing authorities all outstanding pre-petition tax returns and post-petition tax returns as required by applicable law, including without limitation 11 U.S.C. § 1308. Copies of such tax returns are to be provided to the Chapter 13 Trustee as required by applicable law, including without limitation 11 U.S.C. § § 521, 1308, and Local Bankruptcy Rule 2015-1(a).

10. <u>Plan Confirmation Process:</u> Unless the Court orders otherwise, Local Bankruptcy Rule 3015-3 shall be supplemented by the following procedures:

    a. Creditors have the duty to promptly review all plans and present any objections in a timely manner. Objections to the initial Chapter 13 plan proposed by the Debtor(s) shall be filed by creditors holding claims by at least seven (7) days prior to the first date set for the meeting of creditors as scheduled by the Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors & Deadlines (the "<u>341 Notice</u>").

    b. The Chapter 13 Trustee shall perform all duties set forth in 11 U.S.C. §1302, including the duty to promptly review all plans, object when necessary, and recommend confirmation to the Court where the Debtor(s) and their plan (or amended plan) comply with all applicable provisions of the United States Bankruptcy Code. The Chapter 13 Trustee is deemed to have a presumed continuous objection to the proposed Chapter 13 Plan until such time the Chapter 13 Trustee recommends the plan (or any amendment thereto) for final confirmation.

    c. Unless the Court orders otherwise, parties having an objection to the Chapter 13 Plan are required to attend any hearing on the proposed Chapter 13 Plan and the meeting of creditors that is duly scheduled pursuant to the 341 Notice (the "<u>Initial Confirmation Hearing</u>"). At the Initial Confirmation Hearing, the Chapter 13 Trustee, the Debtor(s), and any objecting party are to confer to address objections and/or other infirmities with respect to the proposed Chapter 13 Plan, including without

limitation, plan funding and duration, feasibility, claim classification and treatment, curing and reinstatement of long−term continuing debt obligations, disclosure of assets and liabilities, and good faith (collectively, the "Plan Objections"). At the conclusion of the Initial Confirmation Hearing, the Chapter 13 Trustee's office shall electronically file with the Court a copy of the minutes or proceeding memo of the 341 meeting and Initial Confirmation Hearing which minutes shall indicate: (a) whether the meeting is concluded or continued; (b) whether confirmation has been recommended (and if so that the confirmation Order is to be filed within three (3) business days after the meeting); and (c) if final confirmation is not recommended, the date, time and place of the further conciliation of the Plan ("Conciliation Conference(s)") or, as applicable, the date and time of the contested plan hearing. [1]

**PARTIES ARE ADVISED THAT THE LOCATION OF ALL CONTINUED CONCILIATION CONFERENCES AND MEETINGS OF CREDITORS (AND WHETHER TO BE CONDUCTED IN PERSON OR ON ZOOM) CAN BE ACCESSED AT http://www.ch13pitt.com/calendar/. FOR MEETINGS CONDUCTED ON ZOOM, THE TABLE AND MEETING I.D. FOR THE MEETING WILL APPEAR ON THE CALENDAR. PARTIES ARE EXPECTED TO FAMILIARIZE THEMSELVES WITH THE TRUSTEE'S WEBSITE AT http://www.ch13pitt.com/ AND TO COMPLY WITH THE PROCEDURES SET FORTH AT THAT SITE FOR ATTENDANCE AT AND PARTICIPATION IN THE MEETINGS OF CREDITORS, INITIAL CONFIRMATION HEARING, AND CONCILIATION CONFERENCES.**

d. To the extent that Plan Objections are not resolved at the Initial Confirmation Hearing (due to time limitations or any other reason), the objecting parties, Debtor(s), and the Chapter 13 Trustee may continue to confer to address outstanding Plan Objections in whatever manner, format and time as reasonably requested by the Chapter 13 Trustee or mutually agreed to among the parties to the objection.

THE COURT EXPECTS, AND REQUIRES, ALL OF THE PARTIES TO ACT IN GOOD FAITH AND TO UTILIZE THEIR BEST EFFORTS TO RESOLVE ALL PLAN OBJECTIONS PRIOR TO THE NEXT SCHEDULED CONCILIATION CONFERENCE (OR CONTESTED HEARING, IF APPLICABLE). FAILURE TO DO SO MAY RESULT IN THE IMPOSITION OF SANCTIONS, INCLUDING WITHOUT LIMITATION THE DISALLOWANCE OF COMPENSATION OR FEES.

e. The 341 Notice shall schedule the Initial Confirmation Hearing. To the extent a subsequent Conciliation Conference(s) is scheduled, notice of the continuation shall be placed on the Court's docket by the Trustee (as set forth above). All parties and their counsel are advised of their duty to monitor the docket.

f. Trustee may, in her discretion (and subject to the agreement of the Debtor(s) and objecting creditors, if any), schedule further Conciliation Conferences, if she believes it reasonable and necessary to resolve objections to the Plan or resolve issues that affect plan feasibility (including payment defaults). The minutes of all Conciliation Conferences shall be filed with the Court by the Trustee, which minutes shall indicate: (a) whether final confirmation has been recommended (and if so that the confirmation Order is to be filed within three (3) business days of the meeting); and (b) if final confirmation is not recommended, the date, time and place of the further conciliation of the Plan or contested hearing date, as the case may be.

_____
[1] Notwithstanding this Order, in the event that the Trustee and Clerk of the Bankruptcy Court create a process that allows the Trustee to create virtual docket entries without the need to also file a paper document, the Trustee will have satisfied the requirement of filing the minutes (both with respect to the First Meeting of Creditors and Initial Confirmation Hearing, and any subsequent Conciliation

  Conference(s)) by making the virtual docket entry.

  g. If the Trustee should determine that the objection(s) to the Plan cannot be amicably resolved, or the Debtor(s) or objecting parties so request, the case shall be scheduled for a contested hearing on a date and time available for contested hearings as provided by the Court. No later than three (3) business days prior to the contested plan hearing, the Chapter 13 Trustee shall file with the Court a written objection setting forth the reasons why the matter has been scheduled for a contested hearing.

  No later than three (3) business days prior to the contested plan hearing, the Chapter 13 Trustee shall file with the Court a written objection setting forth the reasons why the matter has been scheduled for a contested hearing.

  h. Where the Plan Objections are resolved and the Chapter 13 Trustee recommends consensual confirmation, the Chapter 13 Trustee shall prepare a proposed confirmation Order consistent with terms and conditions discussed at the Initial Confirmation Hearing and/or Conciliation Conference(s) and <u>shall email the completed proposed Order to the attorney representing the Debtor(s) at the Initial Confirmation Hearing / Conciliation Conference(s), which attorney shall verify its terms and file it with the Court with a certification of counsel pursuant to Local Bankruptcy Rule 9013.8.</u> The Order shall substantially conform to the standard form confirmation Order utilized in the United States Bankruptcy Court for the Western District of Pennsylvania. A form of the standard confirmation Order is available on Judge Deller's "Forms" webpage and can be directly accessed at: https://www.pawb.uscourts.gov/sites/default/files/forms/jad−form−022.pdf. Upon review of such consent order, the Court may, in its discretion, enter the confirmation Order or take such further or other action as it deems appropriate including scheduling a hearing on the proposed Order and Plan.

11. <u>Uncontested Dismissal or Conversion for Failure to Make Payments.</u> To the extent the Chapter 13 Trustee is unable to recommend confirmation of any plan or amended plan due to lack of payment by the Debtor(s) or for any other reason, the Chapter 13 Trustee shall recommend to the Court that the case be either converted to a case under Chapter 7 or dismissed (with or without prejudice), whichever is in the best interest of the bankruptcy estate. Without further notice and/or hearing, the Court may in its discretion grant any uncontested request to convert or dismiss made by the Chapter 13 Trustee.

12. <u>Stipulated Orders Modifying Plans Previously Confirmed on a Final Basis.</u> In many instances, modification of a plan previously confirmed on a final basis is sought, particularly in the context where the Chapter 13 Trustee has filed a Certificate of Default, seeks dismissal, where a creditor seeks relief from stay due to Debtor(s) falling behind in plan payments, or where there are changes in mortgage payment terms or other claims filed after confirmation. *It is Debtor(s)' Attorneys obligation to monitor the confirmed Plan on an ongoing basis, and to seek modifications as necessary to adjust for changing circumstances, including claims filed after confirmation or payment changes.*
Where the Debtor(s) have sufficient regular income and time to cure existing defaults, and no creditor's treatment is altered by the modification (other than concerning the timing of payment), it is more efficient and less costly for the parties−in−interest to work out their differences and formulate a modification to the existing plan to provide for the curing of such defaults. Where this process is appropriate, the Court directs that the parties utilize and file a stipulated order modifying plan, in a format that substantially complies with the form *Stipulated Order Modifying Plan* available on Judge Deller's "Forms" webpage and which can be directly accessed at:

https://www.pawb.uscourts.gov/sites/default/files/forms/jad−form−023.pdf

Unless otherwise agreed to between the Debtor(s) and Trustee, it shall be the Debtor(s)' obligation to draft the proposed order in a modifiable word document format, and then submit it in accordance with the Trustee's procedures as posted at the Trustee's website (which may specify a particular email address for such requests) for review and agreement. Assuming agreement is reached, it shall be the Debtor(s)' obligation to file the final agreed Order under Certification of Counsel. This process is in lieu of filing a lengthy amended plan or a notice of proposed cure in response to Trustee's Certificate of Default, and the scheduling of multiple hearings regarding defaults and plan modification(s). It is in the best interests of creditors, the Debtor(s) and the estate because this streamlined process both

reduces administrative expenses and provides for expedient modification of the Plan (and resumption of plan payments to affected parties).

  NOTE: In instances where a Certificate of Default has been entered, but no consensual resolution to cure the plan default has been achieved as to warrant the filing of a stipulated order modifying plan, Debtor(s) have the option of submitting a *Notice of Proposal to Cure Plan Defaults* (in the form available on Judge Deller's "Forms" webpage and which can be directly accessed at:

https://www.pawb.uscourts.gov/sites/default/files/forms/jad−form−024.pdf,

where the only change to the plan is a change in the monthly payment or plan term, and a conciliation conference is desired.

13. <u>Plan Modifications in lieu of Stipulated Order.</u> In those situations, where a stipulated modification Order is not appropriate, the Debtor shall file and contemporaneously serve (and file a certificate of service of) a "Notice of Proposed Modification to Plan," which substantially complies with the form found on Judge Deller's website along with the proposed Amended Chapter 13 Plan. The Notice of Proposed Modification to Plan shall include a date, time, and place for the Initial Confirmation Hearing on the Amended Plan as selected from a list of dates and times for such hearings as shall be maintained by the Trustee at <u>http://www.ch13pitt.com</u>, which shall be no less than thirty(30) days and not more than sixty(60) days after the date the Notice is filed and served. If these two items are filed, the proposed amendment will follow the Court's standard conciliation/confirmation process. Of course, when counsel serves the Amended Plan on all creditors, they should also serve the Notice of Proposed Modification as well.

SO ORDERED, The 27th of October, 2025.               <u>Jeffery A. Deller</u>
                                                     United States Bankruptcy Judge

United States Bankruptcy Court

Western District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 25-22867-JAD |
| James A. Podobnik, Jr. | Chapter 13 |
| Chantel L. Podobnik | |
|     Debtors | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0315-2 | User: admin | Page 1 of 4 |
| Date Rcvd: Oct 27, 2025 | Form ID: 13moJAD | Total Noticed: 53 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

^     Addresses marked '^' were sent via mandatory electronic bankruptcy noticing pursuant to Fed. R. Bank. P. 9036.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 29, 2025:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db/jdb | + | James A. Podobnik, Jr., Chantel L. Podobnik, 260 Constitution Drive, Pittsburgh, PA 15236-4466 |
| 16600457 | | Advanced Orthopaedics, 100 Trich Drive, Suite 2, Washington, PA 15301-5990 |
| 16600473 | | CIBC Canadian Imperial Bank of Commerce, 395 Hespeler Road, Cambridge, ON, N1R 6J1, Canada |
| 16600483 | | Common Collection Agency Inc., 5900 Finch Ave. East, Suite 2008, Scarborough, ON M1B 5P8, Canada |
| 16600487 | + | OSPTA Home Health & Hospice, 4325 State Route 51N, Belle Vernon, PA 15012-3535 |
| 16600488 | | RBC Royal Bank of Canada, Transit 08036, PO Box 5050, Station A, Miossissauga ON L5A 4N3, Canada |

TOTAL: 6

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| cr | + | Email/PDF: acg.acg.ebn@aisinfo.com | Oct 28 2025 00:49:09 | Ally Bank c/o AIS Portfolio Services, LLC, 4515 N Santa Fe Ave. Dept. APS, Oklahoma City, OK 73118-7901 |
| 16600459 | ^ | MEBN | Oct 28 2025 00:31:56 | AHN, PO Box 645904, Pittsburgh, PA 15264-5257 |
| 16600458 | ^ | MEBN | Oct 28 2025 00:32:48 | Afterpay, 760 Market Street, Floor 2, San Francisco, CA 94102-2402 |
| 16600461 | + | Email/Text: ally@ebn.phinsolutions.com | Oct 28 2025 00:38:00 | Ally Financial, Inc, Attn: Bankruptcy, Po Box 380901, Bloomington, IL 55438-0901 |
| 16600460 | + | Email/Text: ally@ebn.phinsolutions.com | Oct 28 2025 00:38:00 | Ally Financial, Inc, P.o. Box 380901, Bloomington, MN 55438-0901 |
| 16600462 | + | Email/PDF: AIS.cocard.ebn@aisinfo.com | Oct 28 2025 00:49:01 | Cap1/kohls Dept Store, Po Box 31293, Salt Lake City, UT 84131-0293 |
| 16600466 | + | Email/PDF: AIS.cocard.ebn@aisinfo.com | Oct 28 2025 01:02:50 | Capital One, AttN: Bankruptcy, Po Box 30285, Salt Lake City, UT 84130-0285 |
| 16600463 | + | Email/PDF: AIS.cocard.ebn@aisinfo.com | Oct 28 2025 00:49:15 | Capital One, Po Box 31293, Salt Lake City, UT 84131-0293 |
| 16600470 | + | Email/PDF: ais.chase.ebn@aisinfo.com | Oct 28 2025 00:49:15 | Chase Auto Finance, Attn: Bankruptcy, 700 Kansas Lane, La4 - 4025, Monroe, LA 71203-4774 |
| 16600469 | + | Email/PDF: ais.chase.ebn@aisinfo.com | Oct 28 2025 00:48:41 | Chase Auto Finance, 700 Kansas Lane, Monroe, LA 71203-4774 |
| 16600471 | + | Email/PDF: ais.chase.ebn@aisinfo.com | Oct 28 2025 00:49:21 | Chase Card Services, Po Box 15369, Wilmington, DE 19850-5369 |
| 16600472 | + | Email/PDF: ais.chase.ebn@aisinfo.com | Oct 28 2025 01:01:50 | Chase Card Services, Attn: Bankruptcy, Po Box 15299, Wilmington, DE 19850-5299 |
| 16600475 | + | Email/PDF: Citi.BNC.Correspondence@citi.com | Oct 28 2025 00:49:09 | Citibank/Best Buy, Citicorp Cr Srvs/Centralized |

| Recipient ID | | Notice Method | Date/Time | Address |
|---|---|---|---|---|
| | | | | Bankruptcy, Po Box 790046, St Louis, MO 63179-0046 |
| 16600474 | + | Email/PDF: Citi.BNC.Correspondence@citi.com | Oct 28 2025 00:48:32 | Citibank/Best Buy, Po Box 6497, Sioux Falls, SD 57117-6497 |
| 16600476 | + | Email/PDF: Citi.BNC.Correspondence@citi.com | Oct 28 2025 00:49:18 | Citibank/The Home Depot, Po Box 6497, Sioux Falls, SD 57117-6497 |
| 16600477 | + | Email/PDF: Citi.BNC.Correspondence@citi.com | Oct 28 2025 00:49:18 | Citibank/The Home Depot, Citicorp Cr Srvs/Centralized Bankruptcy, Po Box 790046, St Louis, MO 63179-0046 |
| 16600479 | + | Email/Text: Bankruptcy.RI@Citizensbank.com | Oct 28 2025 00:38:00 | Citizensbk, Attn: Bankruptcy, One Citizens Dr., Providence, RI 02903-1344 |
| 16600478 | + | Email/Text: Bankruptcy.RI@Citizensbank.com | Oct 28 2025 00:38:00 | Citizensbk, One Citizens Bank Way, Johnston, RI 02919-1922 |
| 16600480 | ^ | MEBN | Oct 28 2025 00:32:23 | Collection Service Center, 839 5th Ave., PO Box 560, New Kensington, PA 15068-0560 |
| 16600482 | + | Email/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM | Oct 28 2025 00:38:00 | Comenity Bank/Buckle, Attn: Bankruptcy, P.O.Box 182273, Columbus, OH 43218-2273 |
| 16600481 | + | Email/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM | Oct 28 2025 00:38:00 | Comenity Bank/Buckle, Po Box 182789, Columbus, OH 43218-2789 |
| 16600485 | + | Email/Text: GSBankElectronicBankruptcyNotice@gs.com | Oct 28 2025 00:38:00 | Goldman Sachs Bank USA, Attn: Bankruptcy, Po Box 70379, Philadelphia, PA 19176-0379 |
| 16600484 | + | Email/Text: GSBankElectronicBankruptcyNotice@gs.com | Oct 28 2025 00:38:00 | Goldman Sachs Bank USA, Lockbox 6112, Philadelphia, PA 19170-0001 |
| 16600486 | | Email/Text: bk@lendmarkfinancial.com | Oct 28 2025 00:38:00 | Lendmark Financial Ser, 2118 Usher St., Covington, GA 30014 |
| 16600490 | + | Email/Text: bankruptcyteam@rocketmortgage.com | Oct 28 2025 00:39:00 | Rocket Mortgage, Attn: Bankruptcy, 1050 Woodward Avenue, Detroit, MI 48226-3573 |
| 16600489 | + | Email/Text: bankruptcyteam@rocketmortgage.com | Oct 28 2025 00:39:00 | Rocket Mortgage, 1050 Woodward Ave, Detroit, MI 48226-3573 |
| 16600497 | + | Email/PDF: ais.sync.ebn@aisinfo.com | Oct 28 2025 01:01:19 | Syncb/Levin Furniture, Attn: Bankruptcy, P.O. Box 965065,, Orlando, FL 32896-5065 |
| 16600496 | + | Email/PDF: ais.sync.ebn@aisinfo.com | Oct 28 2025 00:49:20 | Syncb/Levin Furniture, Po Box 71757, Philadelphia, PA 19176-1757 |
| 16600491 | + | Email/PDF: ais.sync.ebn@aisinfo.com | Oct 28 2025 00:49:20 | Syncb/car Care Pep B, Attn: Bankruptcy Dept, Po Box 965065, Orlando, FL 32896-5065 |
| 16600492 | + | Email/PDF: ais.sync.ebn@aisinfo.com | Oct 28 2025 00:48:28 | Syncb/car Care Pep Boys, Po Box 71757, Philadelphia, PA 19176-1757 |
| 16600493 | + | Email/PDF: ais.sync.ebn@aisinfo.com | Oct 28 2025 00:49:13 | Syncb/car Care Syn Car, Po Box 71757, Philadelphia, PA 19176-1757 |
| 16600494 | + | Email/PDF: ais.sync.ebn@aisinfo.com | Oct 28 2025 00:49:18 | Syncb/ccdstr, Po Box 71757, Philadelphia, PA 19176-1757 |
| 16600495 | + | Email/PDF: ais.sync.ebn@aisinfo.com | Oct 28 2025 01:01:18 | Syncb/ccdstr, Attn: Bankruptcy, P.O. Box 965065, Orlando, FL 32896-5065 |
| 16600498 | + | Email/PDF: ais.sync.ebn@aisinfo.com | Oct 28 2025 01:01:14 | Synchrony Bank, Attn: Bankruptcy, Po Box 965065, Orlando, FL 32896-5065 |
| 16600499 | + | Email/PDF: ais.sync.ebn@aisinfo.com | Oct 28 2025 00:49:13 | Synchrony Bank / JC Penney, Po Box 71729, Philadelphia, PA 19176-1729 |
| 16600502 | + | Email/PDF: ais.sync.ebn@aisinfo.com | Oct 28 2025 00:49:18 | Synchrony Bank/Care Credit, Attn: Bankruptcy Department, Po Box 965065, Orlando, FL 32896-5065 |
| 16600501 | + | Email/PDF: ais.sync.ebn@aisinfo.com | Oct 28 2025 01:34:34 | Synchrony Bank/Care Credit, Attn: Bankruptcy, |

| Recip ID | | Notice Type | Date/Time | Recipient |
|---|---|---|---|---|
| | | | | Po Box 965060, Orlando, FL 32896-5060 |
| 16600500 | + | Email/PDF: ais.sync.ebn@aisinfo.com | Oct 28 2025 01:18:25 | Synchrony Bank/Care Credit, Po Box 71757, Philadelphia, PA 19176-1757 |
| 16600504 | + | Email/PDF: ais.sync.ebn@aisinfo.com | Oct 28 2025 01:19:36 | Synchrony Bank/Dicks, Po Box 71727, Philadelphia, PA 19176-1727 |
| 16600507 | + | Email/PDF: ais.sync.ebn@aisinfo.com | Oct 28 2025 01:18:22 | Synchrony Bank/Lowes, Attn: Bankruptcy, Po Box 965060, Orlando, FL 32896-5060 |
| 16600506 | + | Email/PDF: ais.sync.ebn@aisinfo.com | Oct 28 2025 00:48:21 | Synchrony Bank/Lowes, Po Box 71727, Philadelphia, PA 19176-1727 |
| 16600508 | + | Email/PDF: ais.sync.ebn@aisinfo.com | Oct 28 2025 01:01:20 | Synchrony Bank/Sams, Attn: Bankruptcy, Po Box 965060, Orlando, FL 32896-5060 |
| 16600509 | + | Email/PDF: ais.sync.ebn@aisinfo.com | Oct 28 2025 00:48:21 | Synchrony Bank/Sams Club, Po Box 71727, Philadelphia, PA 19176-1727 |
| 16600510 | + | Email/PDF: ais.sync.ebn@aisinfo.com | Oct 28 2025 00:48:39 | Synchrony/PayPal Credit, Po Box 71727, Philadelphia, PA 19176-1727 |
| 16600511 | + | Email/PDF: ais.sync.ebn@aisinfo.com | Oct 28 2025 01:18:25 | Synchrony/PayPal Credit, Attn: Bankruptcy, Po Box 965064, Orlando, FL 32896-5064 |
| 16600513 | + | Email/PDF: BankruptcynoticesCCSBKOperations@wellsfargo.com | Oct 28 2025 01:45:47 | Wells Fargo Jewelry Advantage, Attn: Bankruptcy, Pob 10438 Mac F8235-02f, Des Moines, IA 50306-0438 |
| 16600512 | + | Email/PDF: BankruptcynoticesExceptions@wellsfargo.com | Oct 28 2025 01:56:29 | Wells Fargo Jewelry Advantage, Po Box 393, Minneapolis, MN 55480-0393 |

TOTAL: 47

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| 16600467 | *+ | Capital One, AttN: Bankruptcy, Po Box 30285, Salt Lake City, UT 84130-0285 |
| 16600468 | *+ | Capital One, AttN: Bankruptcy, Po Box 30285, Salt Lake City, UT 84130-0285 |
| 16600464 | *+ | Capital One, Po Box 31293, Salt Lake City, UT 84131-0293 |
| 16600465 | *+ | Capital One, Po Box 31293, Salt Lake City, UT 84131-0293 |
| 16600503 | *+ | Synchrony Bank/Care Credit, Attn: Bankruptcy Department, Po Box 965065, Orlando, FL 32896-5065 |
| 16600505 | *+ | Synchrony Bank/Dicks, Po Box 71727, Philadelphia, PA 19176-1727 |

TOTAL: 0 Undeliverable, 6 Duplicate, 0 Out of date forwarding address

## NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Oct 29, 2025    Signature:    /s/Gustava Winters

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 26, 2025 at the address(es) listed

below:

| Name | Email Address |
|---|---|
| Kenneth Steidl | on behalf of Joint Debtor Chantel L. Podobnik julie.steidl@steidl-steinberg.com ken.steidl@steidl-steinberg.com;ifriend@steidl-steinberg.com;asteidl@steidl-steinberg.com;todd@steidl-steinberg.com;rlager@steidl-steinberg.com;awerkmeister@steidl-steinberg.com;bwilhelm@steidl-steinberg.com |
| Kenneth Steidl | on behalf of Debtor James A. Podobnik Jr. julie.steidl@steidl-steinberg.com, ken.steidl@steidl-steinberg.com;ifriend@steidl-steinberg.com;asteidl@steidl-steinberg.com;todd@steidl-steinberg.com;rlager@steidl-steinberg.com;awerkmeister@steidl-steinberg.com;bwilhelm@steidl-steinberg.com |
| Office of the United States Trustee | ustpregion03.pi.ecf@usdoj.gov |
| Ronda J. Winnecour | cmecf@chapter13trusteewdpa.com |

TOTAL: 4